RAMÓN BRIALES ALDRICH, Plaintiff and Appellant, *v.* RAMÓN TORRES and COTTON STATES MUTUAL INSURANCE CO., Defendants and Appellees.

No. 625.    Decided January 22, 1964.

*José A. Suro, Antonio José Amadeo, Antonio José Amadeo, Jr.,* for appellant. *Rafael S. Fuentes* and *Alberto R. Márquez* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

This is a complaint for damages as a result of an automobile accident, which was dismissed by the trial court. Ramón Torres and Cotton States Mutual Insurance Co. were sued and it was alleged that on September 23, 1960 at 12 N. while plaintiff was crossing Paseo de Covadonga he was run over by a vehicle, Ford 1960, license plate No. P-201-533, property of defendant Ramón Torres and negligently driven by Justino Crespo Laugier; that at the time of the accident the latter was Ramón Torres' employee and was acting within the scope of his duties; the injuries and the losses were stated, and that at the time of the accident a policy issued by co-defendant Cotton States Mutual Insurance Co., which covered the accident, was in force.

There is an answer to the complaint in which *"defendant"* appears accepting the occurrence of an accident at the time and place stated in the complaint "and while the vehicle *involved* was driven by Justino Crespo Llaugier," denying

the other facts except the existence of the policy. Plaintiff submitted defendants to an interrogatory, the first question being: "Say whether or not on September 23, 1960 and about 12 N. and in Paseo de Covadonga of San Juan, the vehicle Ford 1960, license Plate No. 201-533, hit a pedestrian"; and the third, "Who was the owner of the vehicle which hit the pedestrian in the circumstances stated in interrogatory No. 1." To said interrogatory Ramón Torres answered to the first question: "On the date and place stated an accident occurred in which plaintiff Ramón Briales Aldrich suffered several injuries as a result of the negligent manner in which at the moment the latter crossed in front of *defendant's* vehicle driven by Justino Crespo Llaugier, causing the accident as the result of the sole and exclusive gross negligence of Ramón Briales Aldrich." To question No. 3 he answered: "The owner of the vehicle on the date and place of the facts was José Crespo Llaugier."

Another answer appears in the record which begins: "The allegations of the complaint are *denied* except that it is *admitted* that an accident occurred between the pedestrian-plaintiff and the alleged vehicle *property of* and driven by the person mentioned in the complaint on the alleged date. *They admit* subdivisions 4 and 5 of the complaint." It was stated in subdivision 4 that Justino Crespo Llaugier was the employee of defendant Ramón Torres and he was acting within the scope of his duties. This answer is signed: "*Defendants'* " counsel. There is another answer to the interrogatory which begins: "*Defendants* answer plaintiff's interrogatory." It is stated therein in answer to questions 3, 4 and 5 that the owner of the vehicle was Ramón Torres Rivera, that it was driven by Justino Crespo, and that the relationship was of employee. Lastly, there appears in the record an amended answer and deposit in which it is stated: "The allegations of the complaint *are admitted*," and $1,000 are deposited as limit to the liability of the insurance company

because there was fracture. It is signed: Counsel "for *defendants.*"

In rendering judgment the trial court held that there was no evidence as to who was the owner of said automobile. Plaintiff complains of this conclusion in the present appeal and alleges that he was not bound to present said evidence because the fact had been admitted in the allegations. Since the complaint was dismissed because the court held that the accident was due to plaintiff's exclusive negligence, perhaps it might not be necessary to pass upon said contention, but in view of the conclusion we will reach in relation to the negligence, we must consider the point.

Actually, the records of a court of record such as the Superior Court should not contain a situation of such uncertainty and inaccuracy on the appearances of the parties. In cases where there are several defendants it seems to us that the counselors should be more careful and specific in stating the positions assumed by the respective persons whom they represent and their admissions or defenses, particularly in relation to the essential facts such as the one present herein, involving the ownership of a public service vehicle which has caused damages.[1]

The situation revealed by the record could reasonably lead plaintiff to believe that he was not bound to introduce evidence on the ownership of the vehicle. Even more, it tends to show that even the fact of negligence could have been admitted. On the other hand, if, actually, neither defendant Torres was the owner of the vehicle nor the driver his employee, the former should not be liable for the sole fact of said uncertainty and inaccuracy.

According to the undisputable evidence in the record—defendants did not offer any evidence—the judgment of the

---

[1] See § 1803 of the Civil Code, Vehicle and Traffic Law of Puerto Rico, Act No. 141 of 1960, § 13-101.

trial court dismissing the complaint in which plaintiff was charged with the negligence which caused the damages does not lie. The undisputable facts are:

Between 12:00 N. and 12:30 P.M. plaintiff, a public employee, was coming down the stairs behind Teatro Tapia, adjacent to the building of the former Public Baths from north to south toward Fernández Juncos Avenue. Said stairs lead directly to Paseo de Covadonga, which at that place constitutes a two-way thoroughfare. On reaching the edge of the sidewalk after going down the stairs, the situation for plaintiff was like this: On the lane nearest to him no vehicles were coming from Puerta de Tierra toward San Juan, the right-hand side for said vehicles. On the farthest lane to him there was a line of vehicles moving from San Juan to Puerta de Tierra. Plaintiff was aware of the presence of said vehicles and could see them without difficulty at a prudent distance. The nearest lane being free, plaintiff took three or four steps crossing Paseo de Covadonga and stopped, alert to finish crossing when the vehicles going from San Juan to Puerta de Tierra would permit him. At that moment he was run over. He testified that while he was thus waiting said automobile appeared, hit him and then he knew no more.

■ An eyewitness explained for the record what occurred. At this point Comercio Street joins Paseo de Covadonga and the latter branches off. A truck and a bus were coming along Comercio Street and the truck passed the latter on the outside to enter Paseo de Covadonga toward the west, that is, toward San Juan. The bus continued on Comercio Street. The driver that ran over plaintiff did not wait for the truck to go into Covadonga but he suddenly swerved to the left to overtake or pass the truck and he ran over plaintiff. According to said witness' testimony, and the record shows it clearly, the accident would not have occurred if said driver had not swerved suddenly to the left but had stayed in his direction waiting for the truck to enter into the other

street. That was all the evidence of the case on the occurrence, because defendants did not introduce any evidence. Under said circumstances, similar to those in a nonsuit, the judgment dismissing the complaint was equivalent to holding that no matter how the facts were analyzed, the driver could not be negligent.

■ We understand that negligence be attributed to plaintiff only in the presence of certain criteria of law stated by the trial court which, as general principles, are accepted as valid, but they are not always good in the presence of a specific set of facts and particular circumstances. The court cited *De la Paz* v. *White Star Bus Line*, 63 P.R.R. 659 (1944). The facts of this case, decided 20 years ago, differ from those in the present case. There is nothing in our record in the sense that plaintiff herein darted to cross in front of a vehicle. Other rulings stated by the trial court in its conclusions of law and cases cited are not applicable either such as that a driver has the right-of-way while driving on a highway *and that he has the right to assume* that nobody shall suddenly abandon his place of safety to face danger; just as it cannot be assumed that the driver was aware of the unconciousness of danger which plaintiff was incurring in trying to cross an avenue where a motor vehicle has the right-of-way. The right-of-way does not grant the right on that fact alone, to run over a person who invades it.

■■ These rules are correct and acceptable in principle, but they are not a cliché to be applied indistinctly to any occurrence of an accident under any sort of circumstances. Every case of automobile accident is its own case. No two automobile accidents are alike nor do they present the same characteristics before the sequel of images which constantly alter the surrounding vision, and in which the actors, pedestrians and vehicles, change the scene with the speed of the seconds. The law must be applied to each case according to

its own circumstances and according to living realities which are known to the community in general and hence are also known to the judges. It is known that except where there is a traffic light or a marked pedestrian crosswalk, or a policeman on duty, frequently the only means for a pedestrian to cross the street in certain places of the metropolitan zone is fighting with the drivers for the territory inch by inch in order to reach the opposite sidewalk. It is not one of our virtues generally displayed in our driving habits to do a pedestrian in difficulties the courtesy of letting him finish crossing a street. Even in those places where there is a marked pedestrian crosswalk in which by law pedestrians are entitled to the right-of-way—Vehicle and Traffic Law § 5-1002—it must still be done at the risk of our own lives without the safety provided by law.[2]

■■ The record contains evidence to the effect that in the place of the accident there was no traffic light, nor marked pedestrian crosswalk or traffic agent. The fact alone that plaintiff abandoned the sidewalk, because the situation did not permit him to cross the street in one attempt, and stopped after taking three or four steps alert to continue when the automobiles in the other line permitted him, does not make him liable for the accident when the driver instead of stopping in the presence of another vehicle which wanted to enter, suddenly swerved to the left until he hit plaintiff. Under said circumstances and at noontime, when traffic flows more abundantly on leaving San Juan, probably the usual manner to cross the street in said place was as plaintiff did. Anyway, we could not sanction as a good doctrine of law that a pedestrian may be injured without any liability whatsoever for the sole fact that he is standing in the roadway of a street and not on the sidewalk, or because he is invading the

---

[2] In respect to the foregoing we observe a heroic situation every day in the pedestrians crosswalk on Muñoz Rivera Avenue in front of the building of this Court.

right-of-way of the vehicles. In that case there is no right-of-way.

■ For the reasons stated the judgment dismissing the complaint will be reversed and the case will be remanded to the trial court to elucidate, with evidence if necessary, the fact in relation to the ownership of the vehicle or any fact related to this aspect of the case, and to sustain the complaint, and in the light of all the facts and circumstances to fix the corresponding compensation to the ones who are liable at law.